# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 10-02V

Filed: February 4, 2013

```
*************************************
PATRICIA MOYER,                    *          NOT TO BE PUBLISHED
                                   *
           Petitioner,             *          Special Master Zane
                                   *
      v.                           *          Stipulation; tetanus-diptheria
                                   *          ("Td") vaccine; left hemisensory
SECRETARY OF HEALTH                *          loss, paresthesia, thyroid issues, and
AND HUMAN SERVICES,                *          chronic fatigue syndrome
                                   *
           Respondent.             *
                                   *
*************************************
```

*Jay Ankur Bansal*, Law Offices of Jay A. Bansal, Tempe, AZ, for Petitioner
*Julia Wernett McInerny*, United States Dep't of Justice, Washington, DC, for Respondent

## UNPUBLISHED DECISION[1]

On February 2, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioner alleged that she suffered from left hemisensory loss, paresthesia, thyroid issues, and chronic fatigue syndrome  as a consequence of her receipt of the tetanus-diptheria ("Td") vaccine, which vaccine is contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which she received on or about April 23, 2007.  Petitioner alleges that she experienced the residual effects of this injury for more than six months.  Petitioner also represents that there have been no prior awards or settlement of a civil action for these damages.  Petitioner seeks compensation related to her injuries pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

---

[1] The special master intends to post this decision on the website of the United States Court of Federal Claims in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).   All decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy.  As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material.  In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available.

Respondent denies that the Td vaccine caused Petitioner's left-side numbness or any other injury and denies that Petitioner's current disabilities are sequelae of her alleged vaccine-related injury. Nonetheless, the parties have agreed informally to resolve this matter. Stipulation, Appendix A hereto.

The undersigned hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein. Specifically, Petitioner is awarded:

> **a lump sum of $7,500.00, in the form of a check payable to Petitioner**. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| PATRICIA MOYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 10-02V |
| | ) | Special Master Zane |
| SECRETARY OF HEALTH AND HUMAN | ) | ECF |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Patricia Moyer ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of tetanus-diphtheria ("Td") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the Td vaccination on April 23, 2007.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered vaccine-related injuries including but not limited to left hemisensory loss, paresthesia, thyroid issues, and chronic fatigue syndrome caused-in-fact by her Td vaccination, and that she experienced residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the Td vaccine caused petitioner's alleged injuries, including but not limited to left hemisensory loss, paresthesia, thyroid issues, and chronic fatigue syndrome, or any other injury; denies that petitioner's current disabilities are sequelae of her alleged injuries; and denies that petitioner experienced the residual effects of these injuries for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $7,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the

2

Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner and her attorney further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, on behalf of her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown personal injuries to petitioner resulting from, or alleged to have resulted from the Td vaccination administered on April 23, 2007, as alleged by petitioner in a petition for vaccine compensation filed on or about January 4, 2010, in the United States Court of Federal Claims as petition No. 10-02V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged injuries including but not limited to left hemisensory loss, paresthesia, thyroid issues, and chronic fatigue syndrome, or any other injury were caused-in-fact by the Td vaccine; that petitioner's current disabilities are sequelae of any alleged injury; or that petitioner experienced the residual effects of any alleged injury for more than six months.

4

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

PATRICIA MOYER

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

JAY ANKUR BANSAL
Law Offices of Jay A. Bansal
1400 East Southern Ave.
Suite 620
Tempe, AZ 85210
(480) 820-9090

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 2/1/13

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

JULIA W. MCINERNY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

6